**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CONTINENTAL COMMERCIAL** ) | | |
| **PRODUCTS, LLC,** ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | No. 4:07CV1087-DJS | |
| ) | | |
| **SUNSHINE MID-AMERICA, LLC,** ) | | |
| ) | | |
| Defendant. ) | | |

**ORDER**

In its complaint for breach of contract, plaintiff Continental Commercial Products, LLC seeks damages for defendant Sunshine Mid-America, LLC's alleged failure to pay invoices for plastic crates defendant ordered from plaintiff. The Court's subject matter jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332. Now before the Court is defendant's motion to dismiss the case for improper venue.

Under 28 U.S.C. §1391(a), venue in this diversity action lies:

> in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Furthermore, "for purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. §1391(c).[1]

The complaint predicates venue in this district upon two assertions: first, that the events or omissions giving rise to the claim occurred here, and second, that the parties expressly agreed to a forum selection clause providing that claims arising out of their contracts would be brought in Missouri. Complaint [Doc. #1], ¶5, p.2. By the instant motion, defendant challenges both of those venue assertions, supported by the declaration of its Managing Member. In response, plaintiff alters its course and argues that venue is proper on a different basis, namely that defendant is subject to personal jurisdiction in this district and so is said to reside in the district for purposes of venue pursuant to §1391(a)(1). Rather than setting forth facts supporting personal jurisdiction in this district, however, plaintiff asserts that defendant has waived any challenge to the existence of personal jurisdiction by failing to contest it in the instant motion. Defendant replies by arguing that a waiver subsequent to commencement of the action is inadequate to establish personal

---

[1] Plaintiff asserts, and defendant does not dispute, that with regard to venue, limited liability companies such as defendant are treated the same as corporations.

2

jurisdiction "at the time the action is commenced" for venue purposes under §1391(c).

Upon careful consideration of all the parties' arguments, the Court concludes that plaintiff has failed to adequately support its contention that venue is properly laid in this district. The Managing Member's declaration, which plaintiff fails to rebut, suggests that no substantial events giving rise to the claims occurred in the Eastern District of Missouri, and that defendant did not expressly agree to a Missouri forum selection provision. Plaintiff's belated assertion of the existence of personal jurisdiction as an alternative basis for venue in this district is based entirely and unpersuasively upon defendant's alleged waiver of a challenge to such jurisdiction. Such an argument is inadequate to demonstrate that personal jurisdiction existed at the time the action was filed, and no factual predicate for such a determination is offered.

Section 1406 governing cure of venue defects provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S. §1406(a). Having found that venue is not properly laid in this district, the Court will transfer the action to the Southern Division of the United States District Court for the Central

District of California, in which defendant's principal place of business in Westminster, California is located.  Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for improper venue [Doc. #9] is granted as follows.

**IT IS FURTHER ORDERED**, pursuant to 28 U.S.C. §1406(a), that this action be transferred to the Southern Division of the United States District Court for the Central District of California.

Dated this \_\_\_\_22nd\_\_\_\_ day of August, 2007.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE